U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2016 AUG 26  PM 2: 29

CLERK

BY  /s/
DEPUTY CLERK

| | |
|---|---|
| JABBAR CHANDLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:16-cv-22 |
| C.C.S. MEDICAL SERVICES, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 7 & 9)

This matter came before the court for a review of the Magistrate Judge's July 11, 2016 Report and Recommendation ("R & R") (Doc. 9), in which he recommended that the court grant the motion to dismiss filed by Defendant C.C.S. Medical Services with leave to amend. (Doc. 7.) Neither party has filed an objection to the R & R, and the time period to do so has expired.

In his Complaint, Plaintiff Jabbar Chandler alleged that Defendant's employees at Southern State Correctional Facility in Springfield, Vermont negligently cared for his injured finger in January 2014, thereby leaving him unable to work in his former employment as a barber. Plaintiff conceded that the Vermont Department of Corrections ("DOC") had a grievance procedure in place. However, he did not utilize the grievance program because he did not believe it could address his medical malpractice claim against non-DOC contractors.

Defendant moved to dismiss Plaintiff's Complaint for (1) failure to exhaust his claims under the Prisoner Litigation Reform Act ("PLRA"), (2) lack of subject matter jurisdiction and noncompliance with Vermont's pleading requirements for medical

malpractice claims, and (3) lack of proper service of Defendant. Plaintiff did not oppose dismissal.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his ten page R & R, the Magistrate Judge carefully reviewed the factual allegations and legal claims in both the Complaint and the motion to dismiss and ultimately recommended dismissal without prejudice of all claims against Defendant. The Magistrate Judge noted that Plaintiff's claims arose out of medical treatment provided to him while he was incarcerated, and therefore the PLRA's exhaustion requirement applied. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). Contrary to Plaintiff's belief, the PLRA applies to prison contractors and thus the exhaustion requirement applies. *See Frierson v. St. Francis Med. Ctr.*, 2011 WL 3423930, at *6 n.16 (D.N.J. Aug. 4, 2011) ("The language of the PLRA . . . cannot reasonably be read to exempt complaints about medical treatment merely because such treatment was provided by private medical service providers"); *LaBombard v. Burroughs-Biron*, 2010 WL 2264973, at *7 n.3 (D. Vt. Aug. 30, 2010), *adopted* 2010 WL 2265004 (D. Vt. June 2, 2010) (applying PLRA's exhaustion requirements to a private company that "assumed the DOC's constitutional obligation to provide medical care to Vermont prisoners, and may thus be held liable for

constitutional violations"). Because Plaintiff failed to follow DOC's grievance program or establish an exception to the exhaustion requirement, the Magistrate Judge properly recommended dismissal of Plaintiff's Complaint. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("[t]here is no question that exhaustion is mandatory under the PLRA").

The Magistrate Judge further recommended that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction because his state law claims failed to present a federal question or establish the minimum amount in controversy required for diversity jurisdiction. *See Owens v. Bellevue Hosp. Ctr.*, 1996 WL 134227, at *1 (2d Cir. Mar. 25, 1996) ("Allegations of medical malpractice or negligent failure to provide treatment will not suffice to support an action under 42 U.S.C. § 1983"). In the event the court determined it has jurisdiction, the Magistrate Judge concluded that Plaintiff failed to comply with the filing requirements of Vermont's medical malpractice statute.[1]

Finally, the Magistrate Judge evaluated Defendant's argument that Plaintiff failed to properly serve Defendant and concluded that because Defendant had received adequate notice of Plaintiff's Complaint as evidenced by its motion to dismiss, dismissal should not be granted on this ground. (Doc. 9 at 8.) The Magistrate Judge recommended that Plaintiff be granted leave to file an Amended Complaint. The court agrees with the Magistrate Judge's well-reasoned conclusions and hereby adopts the R & R in its entirety.

---

[1] A plaintiff asserting a medical malpractice claim must file a certificate of merit simultaneously with the complaint showing that he or she consulted with a qualified health care provider and that the health care provider has:

> (1) described the applicable standard of care;
>
> (2) indicated that based on reasonably available evidence, there is a reasonable likelihood that the plaintiff will be able to show that the defendant failed to meet that standard of care; and
>
> (3) indicated that there is a reasonable likelihood that the plaintiff will be able to show that the defendant's failure to meet the standard of care caused the plaintiff's injury.

12 V.S.A. § 1042(a).

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 9) as the court's Order and Opinion, and GRANTS Defendant's motion to dismiss on the grounds that Plaintiff failed to satisfy the PLRA's exhaustion requirement and establish the court's jurisdiction or comply with Vermont's medical malpractice pleading requirements. (Doc. 7.)

Plaintiff is hereby GRANTED thirty (30) days from the date of this Order to file an Amended Complaint. Any amended filing shall be entitled "Amended Complaint" and shall consist of numbered paragraphs containing short and plain factual allegations, a short and plain statement of each legal claim Plaintiff asserts, and a clear and concise statement of the relief requested. *See* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). In the Amended Complaint, Plaintiff must allege all claims and name all defendants that Plaintiff intends to include, as the Amended Complaint will take the place of the original Complaint in all respects. He must allege facts sufficient to establish either a federal question or diversity jurisdiction and, if he seeks to file a medical malpractice claim, he must comply with 12 V.S.A. § 1042(a) or allege facts that establish the requirements are not applicable. Failure to file an Amended Complaint in the time period provided shall result in the dismissal of all claims with prejudice.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 26th day of August, 2016.

Christina Reiss, Chief Judge
United States District Court