UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Jabbar Chandler,

    Plaintiff,

    v.                                   Civil Action No. 2:16-cv-22-cr-jmc

C.C.S. Medical Services,

    Defendant.

# REPORT AND RECOMMENDATION
(Doc. 11)

Plaintiff Jabbar Chandler has timely moved to dismiss without prejudice his complaint which had been filed pursuant to 42 U.S.C. § 1983. (Doc. 11.) On August 26, 2016, this court issued an Opinion and Order granting Defendant C.C.S. Medical Services's (CCS)'s[1] Motion to Dismiss the complaint. (Doc. 10.) The court dismissed Chandler's Complaint without prejudice, granted Chandler 30 days from the date of the Order to file an Amended Complaint, and noted that Chandler's Complaint would be dismissed with prejudice if he failed to file an Amended Complaint within 30 days. (*Id.* at 4.) Chandler has not filed an Amended Complaint. Instead, he filed the pending Motion to Dismiss Without Prejudice. (Doc. 11.) Defendant did not file a response to the Motion. For the reasons stated below, I recommend that the court grant Chandler's

---

[1] Although Chandler named "C.C.S. Medical Services" as the defendant in this action, Correct Care Solutions, LLC has responded, on the presumption that it was the party Chandler intended to name. (*See* Doc. 7 at 1, n.1.)

Motion and, to the extent necessary in light of the prior order of dismissal, dismiss the Complaint.

## Background

On February 1, 2016, Chandler filed a Complaint with this court alleging CCS violated his rights under 42 U.S.C. § 1983.  Specifically, Chandler alleged CCS medical personnel provided him with negligent medical care while he was incarcerated at Southern State Correctional Facility in Springfield, Vermont.  (Doc. 4 at 5.)  He alleged this negligent care resulted in his left pinky finger "heal[ing] curved."  (*Id.*)  According to Chandler, the prognosis is either "to amputate [his pinky] or leave [it] as [it] is."  (*Id.*)  CCS filed a Motion to Dismiss on April 13, 2016, arguing the court should dismiss Chandler's Complaint for three reasons.  (Doc. 7 at 1.)  First, CCS argues the court should dismiss Chandler's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6),[2] because Chandler admittedly did not exhaust "his claims through the available administrative grievance process," as is required under the Prison Litigation Reform Act (PLRA).  (*Id.*)  Second, CCS claims dismissal is warranted, because the court lacks jurisdiction and, to the extent Chandler's claim is a state-law medical-malpractice suit, he failed "to abide by Vermont's statutory requirements for medical malpractice claims." (*Id.*)  Third, CCS argues dismissal is required, because Chandler "failed to effect legally sufficient service on [CCS]."  (*Id.*)

---

[2] Although CCS does not expressly state that its first ground for dismissal was predicated on Fed. R. Civ. P. 12(b)(6), the United States Supreme Court in *Jones v. Bock*, 549 U.S. 199, 215–17 (2007), has stated that as an affirmative defense, failure to exhaust can be the basis for a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

2

The court issued an Order and Opinion dismissing Chandler's Complaint without prejudice on August 26, 2016.  (Doc. 10 at 4.)  Adopting a Report and Recommendation of the Magistrate Judge (Doc. 9), Chief United States District Judge Christina Reiss held dismissal was appropriate because Chandler "failed to satisfy the PLRA's exhaustion requirement and establish the court's jurisdiction or comply with Vermont's medical malpractice pleading requirements."  (Doc. 10 at 4 (citing Doc. 7).)  As stated above, the court then granted Chandler 30 days to file an Amended Complaint.  (*Id.*)  Failure to file an Amended Complaint in that 30-day period would result in dismissal of Chandler's claims with prejudice.  (*Id.*)

Instead of filing an Amended Complaint, Chandler filed the pending Motion to Dismiss Without Prejudice, stating that "he needs to exhaust available administrat[ive] remedies."  (Doc. 11.)

## **Analysis**

The court should grant Chandler's Motion to Dismiss Without Prejudice as a matter of right.  "Subject to any applicable federal statute, a plaintiff may voluntarily dismiss an action," without a court order, "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  *Youssef v. Tishman Const. Corp.*, 744 F.3d 821, 823 (2d Cir. 2014) (citing Fed. R. Civ. P. 41(a)(1)(A)(i)); *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999) ("[A] court has no discretion to exercise once a Rule 41(a)(1) dismissal is

3

filed.")).  CCS has neither filed an answer nor a motion for summary judgment.[3] Therefore, "the plain text of the rule provides that dismissal 'is without prejudice,' and affords no discretion in this respect to the district court."  *Youssef*, 744 F.3d at 824 (quoting Fed. R. Civ. P. 41(a)(1)(B)).  Of course it may be argued that Chandler's Motion is unnecessary as the court has already ordered that his Complaint be dismissed.  Nevertheless, Chandler has now made it clear that he will not at this stage file an amended complaint.  No opposition is asserted to Chandler's present Motion.  Thus, rather than dismiss his case with prejudice, out of an abundance of caution, I recommend that his Motion to Dismiss the Complaint Without Prejudice be granted.

## Conclusion

Based on the foregoing, I recommend that the court GRANT Chandler's Motion to Dismiss the Complaint (Doc. 11.) without prejudice.

Dated at Burlington, in the District of Vermont, this 31st of October, 2016.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

---

[3] The Supreme Court has held that "failure to exhaust is an affirmative defense."  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  While "[a]n 'affirmative defense is normally asserted in an answer,'" it may also "be raised on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) where 'the complaint itself establish[es] the circumstances required as a predicate to a finding' that the affirmative defense applies."  *In re September 11 Prop. Damage & Bus. Loss Litig.*, 481 F. Supp. 2d 253, 258 (S.D.N.Y. 2007) (second alteration in original) (quoting *McKenna v. Wright*, 386 F.3d 432, 435 (2d Cir. 2004)).  Chandler conceded in his Complaint that he did not exhaust the administrative remedies that were available to him.  (Doc. 4 at 2–3.)  It was, therefore, appropriate for CCS to raise failure to exhaust as an affirmative defense in its Motion to Dismiss.  The fact that CCS raised this affirmative defense in its Motion to Dismiss, however, does not transform the motion into an answer, and thus prohibit Chandler from dismissing his own case as a matter of right.  CCS has yet to file an answer or seek summary judgment; thus, Chandler may dismiss his case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) without a court order.

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).